# In the United States District Court
## for the
## Western District of Texas

| | | |
|---|---|---|
| **CURTIS GOODNOE, et. al** | § | |
| | § | |
| **v.** | § | |
| | § | SA-11-CV-755-XR |
| **UNITED STATES OF AMERICA** | § | |

### ORDER

On this day came on to be considered Defendant's motion to strike (docket no. 21).

### Background

In their First Amended Complaint, Plaintiffs allege that Ritsuko Ramsey "presented to the Mike O'Callahan Federal Hospital Emergency Department complaining of a two day history of abdominal pain and nausea. A CT scan was performed which showed an acute appendicitis, non-perforated." On June 24, 2010, she was taken to the operating room and during the procedure her appendix ruptured. Following the operation she developed respiratory problems and died on June 30. A later autopsy revealed "a large retroperitoneal flesh hematoma … which resulted in clinical hypovolemia followed by a cardiac arrhythmia. Also identified was a focal splenic subcapsular hematoma, and an incarcerated partial small bowel wall hernia at the site of the trocar insertion at the inner abdominal wall." Plaintiffs allege that the Defendant was negligent in the performance of the appendectomy, in lacerating the patient's spleen, and in failing to timely diagnose and treat the injuries.

**Government's motion to strike portions of Edward C. Weissman, M.D.'s affidavit**

In the original complaint filed in this case on September 12, 2011, Plaintiffs attached an affidavit of Dr. Weissman. In that affidavit he states he has been practicing medicine since 1984,

primarily in the area of internal medicine. He opines that Ms. Ramsey died as a result of substandard operative and postoperative care.

The Government argues that Plaintiffs raise both surgical and internal medicine issues. In addition, a "central issue" involves whether Ms. Ramsey should have been prescribed and given a blood thinner, Lovenox. The Government argues that Dr. Weissman lacks the requisite "substantive experience in surgical procedures dealing with laparoscopic appendectomy or open laparotomy…." Accordingly, the Government moves to limit the testimony of Dr. Weissman to non-surgical testimony.

Plaintiffs' counsel has not filed a response to this motion, but has informed the law clerk assisting in this case that he does not oppose the Government's motion.

## Conclusion

The Court grants Defendant's motion to partially strike the testimony of Dr. Weissman to the extent that he is precluded from rendering opinions regarding the surgical aspects of this incident. Dr. Weissman, however, is not precluded from providing any testimony regarding Ms. Ramsey's physical condition prior to, and after, the surgery, or any post-operative management by the Defendant, including whether Ms. Ramsey should have been prescribed and given the blood thinner, Lovenox.

SIGNED this 16th day of October, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE